ROBERT J. MOORE *v.* NANCY J. MOORE.

[Abstract Kentucky Law Reporter, Vol. 7—767.]

### Construction of Terms of a Will.

Where a testator gives to his widow and minor children real estate for the use and benefit during the life of the widow, and directs that when the youngest child should arrive at twenty-one years of age and the widow then not be living, the land be sold and the

proceeds distributed equally among all his children after taking into consideration advancements made, it is held that prior to the death of the widow a purchaser of the interests of two of the three children can not maintain an action for possession of three-fourths of the land, and that the will gave no power to the children to sell their interest and the widow could not be required to permit a joint occupancy of the land by a stranger.

APPEAL FROM BOYLE CIRCUIT COURT.

April 15, 1886.

OPINION BY JUDGE LEWIS:

W. C. Moore in 1866 made a will, and in 1867 died leaving a widow and ten children by her, three of them being of the respective ages of thirteen, ten and seven years. By the first clause of his will he directed a certain farm sold for the purpose of making his seven eldest children equal, the advancements with which he had charged each of them being set out in a book referred to by him. The second clause, the true construction of which is involved in this case, is as follows: "I will to my wife, Nancy J. Moore, and the three younger children, Thomas J. Moore, Samuel J. Moore, and John R. Moore, my home place and the two tracts of knob land lying on the headwaters of Salt river for their use and benefit during the lifetime of N. J. Moore, should she remain a widow to the time of her death. Should she marry I wish her dower allotted to her, should the elder children think best to do so, the balance of the lands to be used for the benefit of the three younger children above named until the death of their mother. Should their mother die before the youngest child becomes of age I desire the land taken of and used for the benefit of the children until the youngest arrives at the age of 21 years, at which time I desire the lands sold and all of my children made equal out of the proceeds thereof, taking into consideration the amounts received by the other children, they to be charged no interest on what they have previously received. I wish my personal estate of all kinds to remain with the widow and the three younger children after paying my first debts, burial expenses, etc., to be used for their benefit as the widow may see proper."

Appellant having purchased the interest of two of the three children in the estate devised, and claiming under a lease from the purchaser of the interest of the other, brought this action claiming as owner an undivided three-fourths interest in and the right to a joint occupancy of the land during the life or widowhood of N. J. Moore, who is now 67 years of age, and seeking judgment in his favor therefor and compelling her to account to him for such share of the rents and profits.

The will is by no means skillfully or clearly drawn; but it seems to us that the testator did not intend to give to either one of the three younger children the right to dispose of any part of the land any more than the right to dispose of the personalty, which he in terms gave the widow the right to use for their benefit as she might see proper. Much less did he intend that she should, in any event or at any time while a widow, be required to permit a joint occupancy of the land by a stranger, or be required to account to a stranger for three-fourths or any other proportion of the rents and profits. The right to occupy and use the whole of the three tracts during her lifetime, in case she remains a widow, is given to her in express terms, and it does not necessarily follow that she is to be restricted to less than the whole even if she should marry, for it is provided that she shall not, in case she marries, be required to accept a dower interest in lieu of the possession of the whole unless the elder children should think best for her to do so. So the three younger have not the right in any case to deprive her of the possession, use and enjoyment during her life of any part of the land or personalty. But if their right to sell their interest to strangers invests the purchasers with any present enjoyment at all, it is to the extent, as claimed in the petition, of the possession of three-fourths of the land and three-fourths of the rent and profits. As in no case the widow could be restricted to less than a dower interest, it follows that the claim of three-fourths is consistent with and must logically follow. The recognition of the right of appellant would if allowed be directly in the teeth of the will itself. In our opinion it was the intention of the testator, which in every case must control, to give to his wife a life estate in the whole land, in case she remained a widow, to be used for the benefit of herself and three youngest children during their minority. Consequently whatever right or interest appellant

may have in virtue of his purchase and lease is to take effect upon the death of the widow, and is to be enjoyed out of the proceeds of the land when sold as directed by the testator. It seems to us that looking to the circumstances surrounding the testator when he made the will, and to each and every part of the instrument, any other construction than the one we have given would defeat his intention.

Judgment *affirmed.*

*J. W. Yerkes, VanWinkle & Rodes, for appellant.*

*R. P. Jacobs, for appellee.*